NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KOM SOFTWARE, INC.,**
*Appellant*

**v.**

**NETAPP, INC.,**
*Cross-Appellant*

---

2021-1075, 2021-1076

---

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-00594.

---

Decided: December 17, 2021

---

DAVID FARNUM, Anova Law Group, PLLC, Sterling, VA, argued for appellant. Also represented by WENYE TAN.

SYDNEY KESTLE, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Washington, DC, argued for cross-appellant. Also represented by ERIKA ARNER, JOSHUA GOLDBERG, SONJA SAHLSTEN; CORY C. BELL, Boston, MA; JACOB ADAM SCHROEDER, Palo Alto, CA; JASON E. STACH, Atlanta, GA.

---

2                          KOM SOFTWARE, INC. v. NETAPP, INC.

Before PROST, TARANTO, and CHEN, *Circuit Judges*.

PER CURIAM.

KOM Software, Inc. owns U.S. Patent No. 6,654,864. NetApp, Inc. filed a petition for *inter partes* review of claims 1–3, 5, 6, and 9. The Patent Trial and Appeal Board (Board) determined that claims 1–3 were anticipated by U.S. Patent No. 6,185,661 (Ofek) but upheld claims 5, 6, and 9. KOM appeals with respect to the claims the Board found to be unpatentable and NetApp cross-appeals with respect to the claims the Board upheld. We *affirm*.

KOM first challenges the Board's construction of "restriction to alteration of a same portion of each file," focusing on the word "portion." KOM argues that "portion" must mean "less than the entirety of each file." In other words, KOM reads "portion" to mean "only a portion." We see no error in the Board's treatment of this limitation. While the Board did not expressly construe "portion," the Board concluded that Ofek's disclosure satisfied the limitation because Ofek's restriction to alteration of entire files "encompasses every portion of that file." *NetApp, Inc. v. KOM Software, Inc.*, IPR2019-00594, 2020 WL 4814234, at *7 (P.T.A.B. Aug. 17, 2020) (*Final Written Decision*). Therefore, the Board found, regardless of whether the term "portion" includes or excludes the whole file, Ofek discloses the limitation. The Board's reasoning aligns with this court's decision in *Hewlett-Packard Co. v. Mustek Systems, Inc.*, 340 F.3d 1314 (Fed. Cir. 2003). In *Hewlett-Packard*, we affirmed a district court's finding that a prior art reference that scanned an entire image disclosed scanning a selected portion of the image. *Id.* at 1324. We held that "[w]hen an entire picture is scanned, any previously selected portion will also necessarily be scanned" and declined to require "that no more than the selected portion [be] scanned." *Id.*

This court's decision in *Dippin' Dots, Inc. v. Mosey*, 476 F.3d 1337 (Fed. Cir. 2007), is distinguishable. KOM relies on *Dippin' Dots* for the premise that "comprising" in the preamble does not broaden the individual steps of a method claim. *See id.* at 1343. While we agree, the Board did not violate that principle here. In *Dippin' Dots*, the relevant claim term was already "narrowly defined" during claim construction to exclude specific processes and appellant sought to rely on "comprising" to bring those same explicitly excluded processes back within the scope of the claim. *Id.* ("The presumption raised by the term 'comprising' does not reach into each of the six steps to render every word and phrase therein opened-ended—especially where, as here, the patentee has narrowly defined the claim term it now seeks to have broadened."). Here, in contrast, the Board's conclusion is consistent with the scope of the claim language.

Accordingly, we reject KOM's narrowing construction and hold that substantial evidence supports the Board's conclusion that Ofek discloses "restriction of alteration of a same portion of each file."

KOM also challenges the Board's finding that Ofek restricts "file access" because Ofek describes restricting access to "tracks." We reject this challenge. As the Board explained, while "files" and "tracks" do not have a one-to-one correspondence (i.e., "a file may comprise the entirety of one or more *tracks* or portions of one or more *tracks*" and *vice versa*), Ofek discloses at least one mode of operation that restricts access to files by making entire tracks on which they are stored read-only. *Final Written Decision*, at *7. Substantial evidence therefore supports the Board's conclusion that Ofek discloses this limitation.

KOM's third ground for appeal is that the Board did not clearly identify whether it relied on anticipation or obviousness in finding claims 1–3 unpatentable. But, "we will uphold a decision of less than ideal clarity if the

agency's path may reasonably be discerned." *Yeda Rsch. & Dev. Co. v. Mylan Pharms., Inc.*, 906 F.3d 1031, 1047 (Fed. Cir. 2018) (quoting *In re NuVasive, Inc.*, 842 F.3d 1376, 1383 (Fed. Cir. 2016)).  It is reasonably clear from the Board's reliance on the Ofek reference alone that the Board found claims 1–3 to be unpatentable as anticipated under 35 U.S.C. § 102.

NetApp cross-appeals the Board's finding that NetApp failed to demonstrate that the prior art discloses "allowing access to free space portions of the same logical storage medium."  NetApp argues that it "articulated two alternative mappings" for this limitation and the Board improperly considered only one.  We review the Board's judgments concerning what arguments are fairly presented in a petition and other pleadings for abuse of discretion.  *See, e.g., Ericsson Inc. v. Intellectual Ventures I LLC*, 901 F.3d 1374, 1379 (Fed. Cir. 2018); *Altaire Pharms., Inc. v. Paragon Bioteck, Inc.*, 889 F.3d 1274, 1284 (Fed. Cir. 2018), *remand order modified by stipulation*, 738 F. App'x 1017 (Fed. Cir. 2018).  The statement NetApp identifies in its petition as an alternative mapping is not clearly a distinct argument, and we thus discern no error in the Board's conclusion that the petition set forth a single mapping only.  *Final Written Decision*, at *9.

We have considered the parties' remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm.

The parties shall bear their own costs.

**AFFIRMED**